UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 08-10386-PBS |
| | ) | |
| BO LI a/k/a ERIC LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM AS TO BO LI

The United States of America submits this memorandum in anticipation of the sentencing hearing in this case. In this memorandum, the government summarizes the offense conduct as it relates to defendant Bo Li ("Li"), sets forth the parties joint position on calculation of the advisory GSR, and presents the government's sentencing recommendation and the bases for that recommendation.

### Offense Conduct and Advisory Guidelines

Li entered a plea of guilty to a single charge of making false statements. In so doing, he admitted that, from August 2007 until February 2008, he falsely stated, in connection with the completion and certification of information contained in numerous Shipper's Export Declarations on behalf of Chitron-US, that he had read the instructions for completing the Shipper's Export Declaration when he in fact he had not. PSR at ¶4. Li further admitted that, if he had read such instructions, he would have known that the shipping documents Chitron-US was filing with the U.S. Department of Commerce were false in that they misrepresented the identify of the ultimate consignee for the parts being exported. *Id.*

With respect to the advisory Sentencing Guidelines, the parties and the U.S. Probation Office agree that Li's base offense level is 6, pursuant to U.S.S.G. §2B1.1(a)(2), and is decreased by 2 levels, pursuant to U.S.S.G. §3E1.1(a), because Li promptly accepted responsibility for his

conduct.  PSR ¶¶ 46, 52.  Thus, the parties and the Probation Office agree that Li's total offense level is 4 and his GSR is 0-6 months and the fine range is $250 tp $5,000 .  PSR ¶¶ 53, 95, 111.

## Sentencing Recommendation

In accordance with the plea agreement between the parties, the government recommends a period of incarceration for 11 months, a period of time already served by Li a three-year period of supervised release; a fine of $1,000; and a special assessment of $100.  The sentence recommended by the government is just and reasonable and in accordance with the factors set forth at 18 U.S.C. § 3553(a).  The most salient statutory sentencing factors here are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for he sentence imposed . . . to reflect the seriousness of the offense . . . ."  *See* 18 U.S.C. §§3553(a)(1) and (2)(A).  On the one hand, the crime was serious, especially viewed in light of Chitron's protracted conspiracy to violate U.S. export laws.  That conspiracy involved exports to Chinese governmental entities, including military-related entities and, as detailed in the PSR, had serious national security implications for the United States government.

On the other hand, Mr. Li's role at Chitron was limited in both scope and duration and his culpability is significantly less than that of the other defendants.  The information to which he pled guilty did not charge Li with conspiracy or with any violations of U.S. export laws.  Moreover, Li cooperated with the government and, in so doing, was helpful to the government and displayed candor and forthrightness.  Although, due to time constraints, the government did not call Li in its case-in-chief, Li nonetheless testified.  In response to questioning by both parties, Li testified in a manner that was, in the government's estimation, truthful.  His testimony was helpful to the jury's understanding of the workings of Chitron and, in this way, helpful to the prosecution and to the achievement of convictions against defendants Wu, Wei, and Chitron

Electronics, Inc. for conspiracy to violate, and for numerous substantive violations of, U.S. export laws. Also relevant to any consideration of Li's characteristics, and as set forth in the PSR, Li has no prior criminal record. PSR at ¶¶56-57. He has a healthy family life, no history of drug abuse, and an educational background that demonstrates potential. *See* PSR at ¶¶62-76.

For these reasons, the sentence recommended by the government is just and reasonable.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ John A. Capin
　　　―――――――――――――
　　　JOHN A. CAPIN
　　　B. STEPHANIE SIEGMANN
　　　Assistant U.S. Attorney
　　　(617) 748-3264

CERTIFICATE OF SERVICE

I, John A. Capin, Assistant U.S. Attorney, do hereby certify that I have, on this date, caused a true and accurate copy of the foregoing to be served upon counsel of record by filing the document with the Court electronically.

Date:  July 14, 2010                                   /s/ John A. Capin
　　　　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　　　　JOHN A. CAPIN
　　　　　　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney